## THE LLOYD SABAUDO v. CUBICCIOTTI.

(Circuit Court, E. D. Pennsylvania. January 31, 1908.)

No. 14.

INJUNCTION—PRELIMINARY INJUNCTION—GROUNDS.

A preliminary injunction may properly be granted, where all that is sought is to restrain defendant from interfering with complainant's business, pending final hearing, by threatening its agents or attempting to induce them not to act for complainant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 302–309.]

In Equity. On motion for preliminary injunction.

Wm. Draper Lewis and Crawford D. Hening, for complainant.
Charles I. Cronin and Joseph Hill Brinton, for respondent.

J. B. McPHERSON, District Judge. I can see no good objection to the form of interlocutory decree that is asked for by the complainant. It does the defendant no harm, for it only preserves the present status until further hearing of the cause, without putting him to inconvenience or imposing upon him any burdensome obligation. Upon this ground alone, therefore, I think it may properly be granted. Perhaps I might say also that the complainant's evidence was hardly sufficient in some important particulars, but I shall not dwell upon this subject now, as other evidence may be forthcoming hereafter.

The clerk is directed to enter the following decree:

And now, to wit, this 31st day of January, 1908, upon consideration of the bill of complaint, and the evidence of the complainant and the defendant, and after hearing, it is

Ordered and decreed that a preliminary injunction issue, restraining the defendant as an individual from further announcing, either privately or publicly, to any or all of complainant's booking agents in Philadelphia, that if they continue to sell the tickets of complainant they will be deprived of their positions as booking agents of any or all of the transatlantic steamship lines mentioned in the bill of complaint; or of any other transatlantic steamship company, and restraining the defendant as an individual from hereafter employing any threat, argument, or persuasion, based upon a predicted loss of their positions as booking agents of any of the above-mentioned lines, to dissuade complainant's booking agents from continuing in the future to offer for sale, and to sell, the tickets of the complainant.